UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  5:21-cv-1670-RSWL (MAR) | Date: November 2, 2021 |
| Title:  *Paul Hupp v. Warden, et al.* | |

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE WHY FIRST AMENDED PETITION SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY**

On September 23, 2021, Petitioner Paul Hupp ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254") challenging his January 30, 2019 conviction.  ECF Docket No. ("Dkt.") 1 at 1.  On October 12, 2021, the Court ordered Petitioner to file a First Amended Petition.  Dkt. 3.

On October 22, 2021, Petitioner constructively filed:  a First Amended Petition ("FAP"), Dkt. 6; a Reply to the Court's October 12, 2021 Minute Order, Dkt. 7; and a "Motion for Extension of Time to File for 90 days to exhaust State Habeas Corpus Action" ("Motion") requesting a "90-day stay of this case" while Petitioner exhausts his ineffective assistance of counsel ("IAC") claim in the California Supreme Court.  Dkt. 9.  However, the Petition also appears untimely, and thus Petitioner's Motion, and any potential stay, could be moot.

In fact, in his Reply to the Court's October 12, 2021 Minute Order Petitioner appears to acknowledge that the instant Petition was not timely filed.[2]  Dkt. 7 at 2 ("Petition by [Petitioner] was not timely because [Petitioner] was in custody of Riverside County on 9-15-2021 when Petition was due. [Petitioner] mailed in Petition at earliest possible point[.]").  However, he also asks this Court to toll "the deadline as a result." Id.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).
[2] AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958–59 (9th Cir. 2010) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   5:21-cv-1670-RSWL (MAR)                                               Date: November 2, 2021

Title:   _Paul Hupp v. Warden, et al._

      Accordingly, the Court will not make a final determination regarding whether the Petition should be dismissed as untimely and will give Petitioner an opportunity to address the grounds entitling him to tolling[3] here.

      Thus, the Court **ORDERS** Petitioner to respond to this Order to Show Cause **within twenty-one (21) days of this Order, by November 23, 2021**, addressing:

(1) the timeliness of the instant Petition—including any grounds entitling him to tolling; and
(2) the time period(s) when the statute of limitations should be tolled here.

      **The Court further instructs the Clerk of Court to serve the First Amended Petition on the California Attorney General.**  The assigned Deputy Attorney General will be required to file a notice of appearance **within fourteen (14) days**.  However, **no response from the Attorney General will be required** until further notice from the Court.

      **IT IS SO ORDERED.**

      **Initials of Preparer**   :  eb

---

[3] "A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

Case 5:21-cv-01670-RSWL-MAR Document 10 Filed 11/02/21 Page 3 of 10 Page ID #:46

FILED
CLERK, U.S. DISTRICT COURT
10/27/21
CENTRAL DISTRICT OF CALIFORNIA
BY: eb DEPUTY

NAME: PAUL HUPP

PRISON IDENTIFICATION/BOOKING NO.: 1627 S. HARGRAVE ST.

ADDRESS OR PLACE OF CONFINEMENT: BANNING CA 92220

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FULL NAME (Include name under which you were convicted): PAUL HUPP

Petitioner,

v.

NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER: ROB BONTA, CA AG

Respondent.

CASE NUMBER: CV 21-CV-1670-RSWL-MAR

☑ FIRST AMENDED

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**
**28 U.S.C. § 2254**

PLACE/COUNTY OF CONVICTION: RIVERSIDE CO

PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT (List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7. When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   255 East Temple Street, Suite TS-134
   Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention: RIVERSIDE COUNTY 1627 S HARGRAVE ST 92220
   b. Place of conviction and sentence: RIVERSIDE COUNTY 90 DAYS AND 5 YRS EXTENDED PROBATION IN RIF-1301131

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): PROBATION VIOLATION OF RIF-1301131, UNDER MISDEMEANOR 245 PC ADW AND PC 166 VIOL OF COURT ORDER
   b. Penal or other code section or sections: ① VIOLATION OF PROBATION - BASED ON; 1) PC 245 ASSAULT DEADLY WEAPON- MISDEMENOR 2) PC 166 - VIOLATION COURT ORDER - MISDEMENOR
   c. Case number: RIF 1301131 BAM-1702375
   d. Date of conviction: 1-29-2019
   e. Date of sentence: 1-29-2019
   f. Length of sentence on each count: 90 DAYS TOTAL

   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere

   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number: UNKNOWN - TRIAL CT. BAM-1702375
   b. Grounds raised (*list each*):
      (1) ACTION DID NOT CONSTITUTE PC § 245 OR 166
      (2) IAC AT TRIAL + ON APPEAL AT DCA

(3) _____
(4) _____
(5) _____
(6) _____
c. Date of decision: 9-15-2020 → 4th DCA
d. Result: DENIED

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☑Yes  ☐No ✱

   If so, give the following information (and attach copies of the Petition for Review and the Supreme Court ruling if available):
   a. Case number: UNKNOWN
   b. Grounds raised (list each):
      (1) INEFFECTIVE ASS. OF COUNSEL "IAC" UNDER
      (2) STRICKLAND V WASHINGTON.
      (3) _____
      (4) HUPPS ACTIONS DO NOT CONSTITUTE 1)PC 245 - HOW
      (5) OR 2)PC 166 VIOL. OF COURT ORDER (R 3) VIOLATION OF
      (6) _____ PROBATION 7)) R2F-1301131
   c. Date of decision: N/A
   d. Result: _____

5. If you did not appeal:
   a. State your reasons _____N/A_____
   b. Did you seek permission to file a late appeal?  ☐Yes  ☐No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
   ☑Yes  ☐No
   If so, give the following information for each such petition (use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available):
   a. (1) Name of court: 4TH DISTRICT COURT APPEAL DIV TWO ("DCA")
      (2) Case number: UNKNOWN
      (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): 10-21-2021

✱ HUPP FILED FOR HABEAS RELIEF AT 4TH DCA DIV II ON 10-21-2021 TO "EXHAUST" STATE ACTION.

(4) Grounds raised *(list each)*:
    (a) IAC
    (b)
    (c)
    (d)
    (e)
    (f)

(5) Date of decision:
(6) Result: NO RULING

(7) Was an evidentiary hearing held?   ☐ Yes  ☒ No

b. (1) Name of court: CA SUPREME COURT
   (2) Case number:
   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:
   (4) Grounds raised *(list each)*:
    (a) IAC
    (b)
    (c) HABEAS PETITION FILED 10-21-2021
    (d)
    (e)
    (f)

(5) Date of decision:
(6) Result: NO RULING

(7) Was an evidentiary hearing held?   ☐ Yes  ☒ No

c. (1) Name of court:
   (2) Case number:
   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:
   (4) Grounds raised *(list each)*:
    (a)
    (b)
    (c)
    (d)
    (e)
    (f)

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes ☐ No

7. Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

8. For (this petition) state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   **CAUTION:**   *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

   a. Ground one: IAC

      (1) Supporting FACTS: Hupp DID NOT COMMITT PC 245 OR PC 166, AND DID NOT MEET THE ELEMENTS OF EITHER, AS A RESULT Hupp DID NOT VIOLATE PROBATION IN RZK-1301131, THE CONTROLLING CASE ON APPEAL HERE.

      (2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes ☒ No
      (3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes ☒ No
      (4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☒ Yes ☐ No

   b. Ground two: _____

      (1) Supporting FACTS: _____

CV-69 (05/18)   PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254)   Page 5 of 11

  (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

  (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

9. If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____
   IAC WAS SENT TO CA SUPREME COURT ON HABEAS PETITION ON 10-21-2021 TO EXHAUST STATE REMEDIES.

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction? ☐ Yes ☒ No

    If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

    a. (1) Name of court: _____
       (2) Case number: _____
       (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
       (4) Grounds raised *(list each)*:
          (a) _____
          (b) _____
          (c) _____
          (d) _____
          (e) _____
          (f) _____
       (5) Date of decision: _____
       (6) Result _____
       _____
       (7) Was an evidentiary hearing held? ☐ Yes ☒ No

    b. (1) Name of court: _____
       (2) Case number: _____
       (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
       (4) Grounds raised *(list each)*:
          (a) _____
          (b) _____
          (c) _____
          (d) _____
          (e) _____
          (f) _____
       (5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?   ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☒ Yes ☐ No

   If so, give the following information (and attach a copy of the petition if available):

   (1) Name of court: DCA 4/2 AND CA SUPREME COURT
   (2) Case number: UKN
   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): 10-21-2021
   (4) Grounds raised (list each):
       (a) IAC
       (b) _____
       (c) _____
       (d) _____
       (e) _____
       (f) _____

12. Are you presently represented by counsel?   ☐ Yes ☒ No
    If so, provide name, address and telephone number: _____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  10-22-2021                    /s/ Paul
             Date                          Signature of Petitioner

