PAUL HUPP V. WARDEN
21-CV-01670 RSWL (MAR)
January 31, 2023

## OBJECTIONS TO REPORT AND RECOMMENDATION

Paul Hupp objects to Magistrate Judge Rocconi ("MJR") Report and Recommendation ("RR"), dated 7-25-2022.

MJR bases denying the Habeas Corpus ("HB") petition based on "procedurally" barred/defaulted. Paul has attacked his misdemeanor and probation violation cases: 1) BAM-1702375 2) RIF-1311088. Both actions rely on the same set of facts.

"Factual Innocence" overcomes a procedural default. MJR has recommended that Pauls HB petition be denied on procedural bar, but because Paul has asserted a factual innocence defense, Pauls HB claim is not procedurally barred.

Paul has raised "Ineffective Assistance of Counsel" ("IAC") based on a substantial issue. A prisoner who appears "pro se" in his initial-review H.B. review in state court is NOT required to make ANY showing

ABOVE / MORE THAN A <u>SUBSTANTIAL</u> IAC CLAIM AT THE <u>TRIAL</u> LEVEL

MJR RECITES PAULS REASONS OF "FACTUAL INNOCENCE BUT LEAVES <u>OUT</u> THE MAIN FOCUS OF PAULS H.B./IAC WHEN MJR <u>FAILED</u> TO POINT OUT THAT THE ALLEGED "VICTIM" WAS VIOLATING <u>STATUTORY LAW</u> BY STANDING IN THE ROADWAY. SEE RR AT P. 10 L. 11-17. THIS IS THE HEART OF PAULS HB AND IAC CLAIM/S. IT IS A STATUTORY VIOLATION OF THE CA VEHICLE ("CVC") § 21954 ("21954"). TRIAL COUNSEL <u>FAILED</u> TO ESTABLISH AT TRIAL THAT THE ALLEGED VICTIM WAS UNLAWFULLY STANDING IN THE STREET - BECOMING A "ROAD HAZARD".

MJR, IN HER <u>OWN</u> <u>WORDS</u> STATED THAT PAUL DID "<u>NOT</u> ACTUALLY "INTEND" TO HIT THE NEIGHBOR." RR AT P.10 L.14. PAUL AS A MATTER OF LAW, BASED ON THIS FINDING OF FACT, WAS "FACTUALLY INNOCENT" OF ASSAULTING ANYONE. FURTHERMORE, PAUL LIKEWISE COULD NOT BE GUILTY OF <u>ANY</u> CRIME, INCLUDING ASSAULT <u>OR</u> A PROBATION VIOLATION, IF PAUL <u>HAD</u> (PAUL DID NOT) ACTUALLY <u>HIT</u> THE NEIGHBOR, IF THE PERSON WAS AT FAULT THROUGH THEIR OWN ACTIONS. WHEN A PERSON STANDS <u>UNLAWFULLY</u> IN THE PUBLIC ROADWAY MADE FOR VEHICLES AND AS A

RESULT HAS MADE THEMSELVES A "ROAD HAZARD" IN VIOLATION OF 21954, THEN HAVING VEHICLES GO BY IN CLOSE PROXIMITY IS A NATURAL RESULT OF THAT <u>UNLAWFUL</u> CONDUCT. THE NEIGHBOR WAS VIOLATING 21954, PAUL WAS VIOLATING NO LAW. TRIAL COUNSEL NEVER ONCE MADE <u>ANY</u> ATTEMPT TO OUTLINE SUCH FACTS. MJR HAS NOT MENTIONED IN HER RR THIS FACT, NO WHERE. PAULS MAIN ARGUMENT IS THAT THE TRIAL COUNSEL FAILED TO SHOW THE VIOLATION OF 21954 WAS THE <u>SOLE</u> REASON THE ALLEGED VICTIM WAS EVEN IN THE ROAD. PAUL HAS NO CONTROL OVER OTHER PEOPLES ACTIONS. PAUL DOES NOT CONTROL HIS NEIGHBOR. MJR HERSELF VERIFYS THIS FACT. RR AT P.10 L.18-28.

MJR ALLEGES THE JURY FOUND PAUL GUILTY THEREFORE THE JUDGES "OPINION" IS NOT A RELEVANT FACTOR. RR. P.11 L.1-10. THIS IS SIMPLY NOT CORRECT. THE COURT ON ITS OWN COULD HAVE RULED THAT THE EVIDENCE AT TRIAL WAS INSUFFICIENT AND DISMISSED THE ASSAULT CHARGE BEFORE IT WAS SUBMITTED TO THE JURY, AND THE JUDGE DID IN FACT CONSIDER THIS BEFORE TRIAL. BUT MORE IMPORTANTLY IF A JURY HAD <u>KNOWN</u> THAT BEING A "ROAD HAZARD" WAS ITSELF UNLAWFUL, AND ANY PROXIMITY TO VEHICULAR

RESULT COMES INTO CLOSE PROXIMITY TO, OR EVEN GETS <u>HIT</u> BY A VEHICLE, THEN THAT CLEARLY SHIFTS THE LIABILITY - CIVIL <u>AND</u> CRIMINAL - ONTO THE LAW BREAKER, IN THIS CASE THAT PERSON IS THE ALLEGED "VICTIM".

PAULS HB REPEATEDLY MENTIONED AND MADE REFERENCE TO 21954, AND SPECIFICALLY TRIAL COUNSELS <u>FAILURE</u> TO ESTABLISH THE 21954 VIOLATION. ONCE THE FACTS ESTABLISHED PAUL WAS FOLLOWING <u>ALL</u> LAWS, THEN TRIAL COUNSEL HAD A DUTY TO ESTABLISH THE 21954 VIOLATION. THE JUDGE HIMSELF SHOULD HAVE <u>DISMISSED</u> THE ASSAULT CHARGE ONCE HE MADE AN INFORMED DECISION PAUL DID NOT INTEND TO ASSAULT ANYONE.

MJR WRONG ON FACTS PAUL RAISED ON HABEAS

PAUL REPEATEDLY RAISED IAC BY FAILING TO EVEN MENTION 21954 AS A FULL AND COMPLETE DEFENSE, AND FACTUAL INNOCENCE. YET MJR STATES:

"PETITIONER DOES NOT EXPLAIN WHAT TRIAL COUNSEL DID OR FAILED TO DO." RR P.13 L.9
"PETITIONER HAS FAILED TO EXPLAIN HOW COUNSEL WAS DEFICIENT." RR P.13 L.20

BOTH ALLEGATIONS ARE FALSE. TRIAL COUNSEL FAILED TO ARGUE 21954 AND PAUL RAISED

THAT ISSUE NUMEROUS TIMES IN HIS H.B.

IF THE NEIGHBOR/ALLEGED VICTIM HAD JUMPED OUT IN FRONT OF PAULS VEHICLE AND DIED AS A RESULT, COULD PAUL BE CONVICTED OF MURDER, OR ANY OTHER CRIME? OF COURSE NOT. TO EVEN SUGGEST OTHERWISE IS LAUGHABLE. HERE PAUL WAS CHARGED WITH ASSAULT FOR SIMPLY DRIVING DOWN THE PUBLIC STREET, BELOW THE SPEED LIMIT, IN A CONTROLLED AND SAFE MANNER IN HIS OWN DRIVING LANE. "BUT FOR" THE UNLAWFUL 21954 VIOLATION OF THE NEIGHBOR THERE IS NO DOUBT PAUL VIOLATED <u>NO</u> LAW. THERE WAS ONLY <u>ONE</u> (1) PERSON BREAKING THE LAW, THE NEIGHBOR, BY UNLAWFULLY STANDING IN THE <u>PUBLIC</u> ROAD, IN VIOLATION OF 21954.

MJR FAILURE TO MENTION THE 21954 VIOLATION AND IAC IN HER RR DESTROYS HER ENTIRE "ANALYSIS", SHE HAD NO CHOICE B/C TO EVEN MENTION 21954/IAC ESTABLISHES, AT A <u>MINIMUM</u>, "REASONABLE DOUBT".

PAUL HUPP
JANUARY 31, 2023

# PROOF OF SERVICE BY MAIL

(Cal. Code of Civ. Pro. §1013, FRCivP 5(b) (2) (C), FRAP 25(c) (1) (A))

I, __WAYNE SWANSON__, declare that I placed a true and correct copy of the following documents(s):

1) OBJECTIONS TO REPORT AND RECOMMENDATION

In a fully first-class postage paid envelope and addressed it to:

1) VINCENT LAPIETRA, 600 W. BROADWAY #1800, SAN DIEGO CA 92101

I further declare that I followed institutional procedures for the processing of outgoing legal mail and turned the sealed envelope over to prison officials for mailing on the date below.

The foregoing is true and correct under penalty of perjury.
Executed by __WAYNE SWANSON__
Print Inmate name and CDCR #

this __6__ day of __FEBRUARY__, 2023 at ~~Wasco State Prison, Wasco, CA 93280~~ CA REHAB. CTR. NORCO CA 92860

__W. Swanson__
Inmate/Declarant signature

Proof of Service, Case No.: __21-CV-01670 RSWL (MAR)__
(Attach to document) PAUL HUPP V WARDEN

Paul Hue B5 8614
CRC
P.O. BOX 3535
Norco CA 92860

LEGAL MAIL
CONFIDENTIAL

**CONFIDENTIAL**

LEGAL MAIL

U.S. DISTRICT COURT
255 E Temple Street
Los Angeles CA 90012

C.R.C.
STATE PRISON

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB - 9 2023
CENTRAL DISTRICT OF CA
BY

ZIP 92860
US POSTAGE